**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| ARCADIA PRODUCTS LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>MILLWORK ARTISANS LLC,<br><br>    Defendant. | Civil Action No: 2:26-cv-01331-BHH<br><br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

Plaintiff Arcadia Products LLC ("Arcadia") files this Complaint for patent infringement against Millwork Artisans LLC ("Defendant" or "Millwork"), and, in support thereof, allege as follows:

## THE PARTIES

1. Plaintiff Arcadia is a limited liability company organized under the laws of the State of Colorado, with its headquarters at 2301 East Vernon Avenue, Vernon, California 90058.

2. Upon information and belief, Millwork is a South Carolina limited liability company with its headquarters at 4600 Goer Drive, North Charleston, SC 29406. Millwork may be served with process by serving its registered agent, David Simmons, at 145 King Street, Charleston, SC 29401, or as otherwise authorized under applicable law.

3. Upon information and belief, Defendant has regular and established places of business throughout South Carolina and in this District, including its office at 4600 Goer Drive, North Charleston, SC 29406.

## JURISDICTION AND VENUE

4.    This is an action for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. § 271.

5.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the Patent Laws of the United States, including 35 U.S.C. § 1 *et seq.*

6.    This court has personal jurisdiction over Defendant, and venue is proper in this District, because Defendant has regular and established places of business located within this District, and because Defendant actively and regularly conducts business within the State of South Carolina and within this District, including at its office.  Further, upon information and belief, infringement has occurred and/or is occurring within the State of South Carolina and this District through Defendant's manufacture and distribution of construction products having a metal frame (hereinafter referred to as "Accused Products") from its South Carolina office, and within the State of South Carolina and this District through Defendant's sales of or offers to sell the Accused Products.

7.    Venue as to Defendant is thus proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

## FACTS

8.    Arcadia is a leader in the field of construction products.  In connection with its research and development efforts, Arcadia has developed groundbreaking inventions in the field of custom window and door product and services.  These inventions are currently protected by various intellectual property rights, including U.S. Patent No. 8,572,929 (the "'929 Patent").

9. The '929 Patent, entitled "WINDOW OR DOOR ELEMENT," was duly and legally issued on November 5, 2013. A true and accurate copy of the '929 Patent is attached hereto and incorporated herein by reference as **Exhibit A**.

10. Arcadia owns all right, title, and interest in and to the '929 Patent.

11. Arcadia makes, distributes, offers to sell, and sells windows and doors that practice the '929 Patent.

12. Defendant is a competitor of Arcadia, including in the field of construction products. Defendant has, upon information and belief, either alone or in concert, manufactured, distributed, sold, or offered to sell the Accused Products in the United States, including within the State of South Carolina and within this District.

13. Defendant describes its steel doors and windows on its website at https://millworkartisans.com/ and in brochures. A copy of one of Defendant's brochures is attached hereto and incorporated herein by reference as **Exhibit B**. Upon information and belief, Defendant continues to manufacture, distribute, sell, or offer to sell the Accused Products in the United States, including within the State of South Carolina.

14. Upon information and belief, the Accused Products infringe one or more claims of the '929 Patent, including at least Claim 1, as set forth in the claim chart attached hereto and incorporated herein by reference as **Exhibit C**.

15. Defendant has known of the '929 Patent and its own infringing activities since at least as early as its receipt of a notice letter that Arcadia sent to Defendant on January 20, 2026. A true and accurate copy of the January 20, 2026 letter is attached hereto and incorporated herein by reference as **Exhibit D**.

16. Because Defendant is selling infringing products to compete directly with Arcadia, it is causing irreparable harm to Arcadia, thereby forcing Arcadia to bring this lawsuit to protect its intellectual property rights.

**<u>COUNT I – INFRINGEMENT OF THE '929 PATENT</u>**

17. Arcadia repeats and incorporates by reference the allegations contained in the foregoing paragraphs, as if stated fully herein.

18. Arcadia is the owner of the '929 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '929 Patent against infringers, and to collect damages for all relevant times.

19. Defendant has, either alone or in concert, directly infringed and continues to infringe the '929 Patent, either literally or through the doctrine of equivalents, by making, using, importing, supplying, distributing, selling and/or offering for sale the Accused Products within the United States, in violation of 35 U.S.C. § 271(a).

20. Upon information and belief, Defendant has made and is continuing to make unlawful gains and profits from its infringement of the '929 Patent.

21. At least as early as January 20, 2026, Defendant has been on notice of and has had knowledge of the '929 Patent and its infringing activities. Defendant's infringement of the '929 Patent has been willful and deliberate at least since this date.

22. Arcadia has been damaged and irreparably harmed by Defendant's infringement of the '929 Patent for which Arcadia is entitled to relief under 35 U.S.C. § 284 and 35 U.S.C. § 154(d). Arcadia will continue to suffer damages and irreparable harm unless Defendant is enjoined preliminarily and permanently by this Court from continuing its infringement.

**ATTORNEYS' FEES**

23.     Pursuant to 35 U.S.C. § 285, Arcadia is entitled to and hereby demands its reasonable attorneys' fees in this case.

**JURY DEMAND**

24.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Arcadia respectfully requests a trial by jury of any issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Arcadia respectfully asks that the Court issue citation for Defendant to appear and answer and seeks the following additional relief:

A.     that Defendant be declared to have directly infringed one or more of the claims of the '929 Patent under 35 U.S.C. § 271(a);

B.     that that Court issue a preliminary and permanent injunction pursuant to 35 U.S.C. § 283 against the continuing infringement of the claims of the '929 Patent by Defendant, its officers, agents, employees, attorneys, representatives, and all others acting in concert therewith;

C.     that the Court order an accounting for all monies received by or on behalf of Defendant and all damages sustained by Arcadia as a result of Defendant's aforementioned infringements, that such monies and damages be awarded to Arcadia, and that interest and costs be assessed against Defendant pursuant to 35 U.S.C. § 284 and 35 U.S.C. § 154(d);

D.     that the Court declare that Defendant's infringement was and is willful from the time it became aware of the infringing nature of its product and award treble damages for the period of such willful infringement of the '929 Patent, pursuant to 35 U.S.C. § 284;

E.     that the Court declare this an exceptional case and order that Defendant pay to Arcadia its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285; and

5

F.     that the Court award such further and other relief to Arcadia as the Court deems just, together with its costs and disbursements in this action.

Dated: March 30, 2026

Respectfully Submitted,

*/s/ F. Cordes Ford IV*
F. Cordes Ford IV
South Carolina Federal Bar No.: 9217
Email: Cordes.Ford@wbd-us.com
T: (843) 722-3400
**WOMBLE BOND DICKINSON (US) LLP**
5 Exchange Street
Charleston, SC 29401

James E. Dority
South Carolina Federal Bar No.: 13734
Email: James.Dority@wbd-us.com
T: (864) 255-5400
**WOMBLE BOND DICKINSON (US) LLP**
550 South Main Street, Suite 400
Greenville, SC 29601

Barry J. Herman (*pro hac vice* to be filed)
Maryland Federal Bar No.: 26061
Email: Barry.Herman@wbd-us.com
Julie C. Giardina (*pro hac vice* to be filed)
Maryland Federal Bar No.: 21085
Email: Julie.Giardina@wbd-us.com
T: (410) 545-5830
**WOMBLE BOND DICKINSON (US) LLP**
100 Light St., 26th Floor
Baltimore, MD 21202

***Attorneys for Plaintiff Arcadia Products LLC***